# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHNEUR KALMANSON,
Plaintiff

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Defendant

Case No. 1:11-cv-482

Weber, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

This civil action is before the Court on pro se plaintiff's motions to return action to state

court (Doc. 9) and to remand (Doc. 10),[1] and defendant's respective responsive memoranda.

(Docs. 11, 12). Also before the Court is defendant's Rule 12(b)(6) motion to dismiss plaintiff's

complaint. (Doc. 7). For the reasons stated herein, plaintiff's motions should be denied.

## I.  Background

On June 1, 2011, plaintiff Shneur Kalmanson filed an Action to Quiet Title in the

Hamilton County, Ohio Common Pleas Court. (Doc. 3). Pursuant to 29 U.S.C.§ 1441,[2]

defendant Mortgage Electronic Registration Systems, Inc. ("MERS") removed the action to the

United States District Court for the Southern District of Ohio on July 18, 2011. MERS asserts

that this Court has subject-matter jurisdiction over plaintiff's quiet title action under 28 U.S.C. §

1332(a) as: (1) plaintiff's claim involves a property interest exceeding $75,000, and (2) plaintiff

is a citizen of the State of Ohio while MERS is a corporation, duly incorporated in the State of

---

[1] Plaintiff's motion is captioned as "motion to dismiss district court action." (Doc. 10). He seeks dismissal
of this federal court action without prejudice and remand of this case to the State court. *Id.*

[2] Section 1441 provides that "any civil action brought in a State court of which the district courts of the
United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of
the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §
1441(a).

Delaware, with its principal place of business in the State of Virginia. On July 21, 2011, plaintiff's complaint was filed by the Court.[3] (Doc. 6).

MERS subsequently filed a motion to dismiss plaintiff's complaint asserting that: (1) under Rules 12(b)(4) and (5) the complaint should be dismissed for insufficient process and insufficient service of process; and (2) plaintiff's complaint fails to state a claim entitling him to relief and should be dismissed under Rule 12(b)(6). (Doc. 7). Plaintiff did not file a response to MERS's motion to dismiss. Rather, plaintiff filed a motion to return the action to state court (Doc. 9) and a motion to remand. (Doc. 10). MERS filed responses to plaintiff's motions, Docs. 11 and 12, and they are now ripe for ruling.

## II. Plaintiff's Motion to Return Action to State Court (Doc. 9)

"The federal courts are courts of limited jurisdiction, and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 582 (6th Cir. 1990) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 697, 702 (1982)). Federal courts have subject matter jurisdiction over cases where the matter involves a federal question or where there is diversity of citizenship among parties. *See* 28 U.S.C. §§ 1331, 1332.

Here, the issue is whether the Court has subject-matter jurisdiction based on the diversity of the parties as plaintiff is an Ohio citizen and MERS is a corporation incorporated in Delaware with its principal place of business in Virginia. Plaintiff asserts that the Court lacks subject-matter jurisdiction as the "amount in controversy" requirement set forth by 28 U.S.C. § 1332(a) for diversity jurisdiction is not met in the instant action. Section 1332 of the United States Code

---

[3] Pursuant to MERS's Notice of Removal (Doc. 1), the Clerk of Court for the United States District Court for the Southern District of Ohio detached plaintiff's State Action to Quiet Title from the Notice of Removal and re-filed it as plaintiff's complaint in the instant action. Contrary to MERS's assertion, plaintiff did not file the complaint himself. *See* Doc. 12, p. 2.

confers federal jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 [ ] *and* is between [ ] citizens of different States[.]" 28 U.S.C. § 1332(a) (emphasis added). Plaintiff concedes that the parties are citizens of different states. Thus, the only inquiry is whether the "amount in controversy" prerequisite is met.

Plaintiff's complaint seeks quiet title[4] with respect to the real estate located at 2420 Twigwood Lane, Cincinnati, Ohio, 45237 ("the property"). (Doc. 6, p. 3). Plaintiff's complaint identifies MERS as the interested party. *Id*. at 2. Plaintiff alleges that the property has a mortgage made directly to MERS, but that MERS has not satisfied any conditions for this conveyance. *Id*. at 3. Further, plaintiff alleges that the mortgage on the property has real value and that MERS maintains an illegal interest in the property. *Id*. Plaintiff seeks adjudication as to what interest, if any, MERS has in the property and declaratory relief in the form of a judgment ordering that the property be conveyed to plaintiff. *Id*. at 3-4. In the *in forma pauperis* forms submitted concurrently with the complaint, plaintiff identifies that the property at Twigwood Lane is his residence and, further, that he has a $265,000 mortgage. *Id*. at 14, 16.

In its Notice of Removal, MERS asserts that a fair reading of plaintiff's allegations and averments demonstrates that the quiet title action concerns a $265,000 mortgage on the property. As this is an amount in excess of $75,000, MERS contends that the "amount in controversy" requirement of 28 U.S.C. § 1332 is met and, accordingly, this Court has diversity jurisdiction. Plaintiff argues that MERS misconstrues his complaint. Plaintiff alleges there is nothing due on the mortgage or to MERS under the mortgage and, thus, the "amount in controversy" is not met for purposes of diversity jurisdiction. Plaintiff's arguments are not well-taken.

---

[4] Ohio Revised Code § 5303.01 provides that an action to quiet title "may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest." Ohio Rev. Code. Ann. § 5303.01.

In response to the instant motion, MERS provided a copy of the mortgage in question

file-stamped by the Hamilton County Recorder's Office. *See* Doc. 11, Ex. A.[5] The mortgage

document ("Security Instrument") demonstrates that plaintiff, the "Borrower," took out a

promissory note in the amount of $284,000 from GMAC Mortgage Corporation, the "Lender," to

purchase the property located at 2420 Twigwood Lane. *Id.* at 1-3. Further, the Security

Instrument identifies that plaintiff conveyed the mortgage to MERS, as the "Mortgagee" and

nominee for Lender and Lender's successors and assigns. *Id.* With respect to MERS, the

Security Instrument further provides:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all
> renewals, extensions and modifications of the Note; and (ii) the performance of
> Borrower's covenants and agreements under this Security Instrument and the
> Note. For this purpose, Borrower does hereby mortgage, grant and convey to
> MERS (solely as nominee for Lender and Lender's successors and assigns) and to
> the successors and assigns of MERS, the following described property located in
> the County of Hamilton . . . which currently has the address of 2420 Twigwood
> Lane, Cincinnati, Ohio, 45237. . . . Borrower understands and agrees that MERS
> holds only legal title to the interests granted by Borrower in this Security
> Instrument, but, if necessary to comply with law or custom, MERS (as nominee
> for Lender and Lender's successors and assigns) has the right: to exercise any or
> all of those interests, including, but not limited to, the right to foreclose and sell
> the Property; and to take any action required of Lender including, but not limited
> to, releasing and canceling this Security Instrument.

*Id.* at 3. The Security Instrument is initialed by plaintiff on each page and bears his signature.

"In an action to quiet title . . . the amount in controversy is the value of the land." *Maida*

*v. Retirement and Health Serv's Corp.*, No. 93-1625, 93-1635, 1994 WL 514521, at *2 (6th Cir.

Sept. 19, 1994). *See also Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d

767 (6th Cir. 2009) (measuring amount in controversy by value of object which is the subject of

---

[5] This Court may take judicial notice of public records, such as land conveyances similar to the mortgage document in the instant case. *See Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp.2d 914, 925 (N.D. Ohio 2009). *See also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

action to quiet title). It is clear that plaintiff's quiet title action concerns a determination of MERS's property interest in 2420 Twigwood Lane, a property that as identified by the Security Instrument is valued above $284,000. As the value of the object that is the subject of plaintiff's quiet title action exceeds $75,000, the amount in controversy has been met and this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, plaintiff's motion to return this matter back to state court should be denied.

### III. Plaintiff's Motion to Remand (Doc. 10)

In its Notice of Removal, MERS asserted that, while plaintiff had sent a copy of his quiet title action to MERS via certified mail, plaintiff had not properly served MERS with a summons and complaint as required by the Ohio rules of civil procedure. In his second attempt to remove this matter from federal court, plaintiff filed a Motion to Dismiss District Court Motion ("motion to remand") arguing that MERS's removal of the action from state court to federal court was premature in light of the lack of proper service. Plaintiff argues that "[s]ervice is a predicate for joinder[6] in a civil action[,]" and that absent a waiver or proper service, the removal "is a form of civil barratry,[7] albeit by error." (Doc. 10, ¶¶ 2, 3). In response, MERS contends that the removal was appropriate as it complied with the requirements of the removal statute, 28 U.S.C. § 1446(b).

Section 1446 provides the procedure for removing an action from state court to federal court:

> (a) A defendant or defendants desiring to remove any civil action [ ] from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain

---

[6] It appears that plaintiff is conflating joinder, which is governed by Rule 18 of the Federal Rules of Civil Procedure and allows parties to join additional claims to an already existing case, with the notion of removal of litigation from state court to federal court.

[7] Barratry is defined as "[v]exatious incitement to litigation, esp. by soliciting potential legal clients." Black's Law Dictionary (9th ed. 2009). It is unclear how MERS's removal of this action was barratrous as plaintiff is the party responsible for instigating this litigation.

statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (b) The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading*[.]"

28 U.S.C. § 1446(a), (b) (emphasis added). Here, MERS received a copy of plaintiff's quiet title action via certified mail on or about June 20, 2011. (Doc. 1, p. 1). MERS filed its notice of removal with this Court on July 18, 2011, within thirty days of receiving a copy of the initial pleading as required by 28 U.S.C. 1446(b). Consequently, by the plain language of the statute, MERS's notice of removal was properly filed.

Plaintiff asserts, however, that removal prior to perfecting service is improper. Notably, plaintiff cites to no case law or authority in support of this proposition. While service of process "is fundamental to any procedural imposition on a named defendant[,]" *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999), "service of process is not an absolute prerequisite for removal." *Delgado v. Shell Oil, Inc.*, 231 F.3d 165, 177 (5th Cir. 2000).

There was previously a split among the Circuits with respect to time for removal under the removal statute. There were two lines of reasoning regarding when the thirty-day time limit to file a notice of removal was triggered: (1) the "receipt rule," which viewed a defendant's receipt of the complaint as sufficient to trigger the thirty-day period; and (2) the "perfected process" rule which holds that the time limit for removal does not commence until a defendant is properly served. *See Kerr v. Holland America-Line Westours, Inc.*, 794 F. Supp. 207 (E.D. Mich. 1992) (collecting cases and providing a thorough analysis of both lines of reasoning). While the Supreme Court in *Murphy Bros.* ultimately adopted the "perfected process" rule as governing the start of the thirty-day period, the Court noted that its ruling was intended to protect defendants' right to removal – not to prevent them from removing litigation due to a plaintiff's

failure to properly effectuate service. *See id.* at 356 ("[i]t would take a clearer statement than Congress has made to read its endeavor to extend removal time (by adding receipt of the complaint) to effect so strange a change - to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons[.]").

In the instant case, MERS is not asserting a deprivation of its procedural rights; rather, MERS is attempting to affirmatively invoke its procedural right under § 1446 despite plaintiff's ineffectual service at the time the Notice of Removal was filed with this Court. The undersigned agrees with the position asserted by the Fifth Circuit in *Delgado* that service is not a prerequisite to removal. *Delgado*, 231 F.3d at 177 (holding that a defendant can remove a case prior to being served). Consequently, the Court concludes that MERS was not precluded from removing this matter despite plaintiff's ostensible failure to properly effectuate service of process.

Moreover, the Court notes that on August 16, 2011, plaintiff had a summons issued by the Court of Common Pleas for Hamilton County in an attempt to perfect service on MERS.[8] (Doc. 12, Exs. A-C). In light of plaintiff's attempt to perfect service, his argument that MERS has not been properly served appears to be solely based on his unexplained desire to evade federal jurisdiction. As discussed above, this Court has subject-matter jurisdiction over this litigation and regardless of when plaintiff's service is deemed perfected, this outcome cannot be avoided. Accordingly, the undersigned recommends that plaintiff's motion to remand be denied.

### IV. Defendant's Motion to Dismiss (Doc. 7)

On July 25, 2011, defendant filed a motion to dismiss plaintiff's complaint for failure to

---

[8] The Court declines to determine at this time whether, to date, plaintiff has properly served MERS as that is one of the bases of MERS's Rule 12 motion to dismiss which is addressed below.

state a claim entitling him to relief. (Doc. 7). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." Plaintiff has filed no response yet in this case, even though more than twenty-one days have passed since the service date referenced in the motion. Accordingly, the undersigned orders plaintiff to show cause in writing why the Court should not construe defendant's motion to dismiss as unopposed and grant it for the reasons stated therein.

## V. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that plaintiff's motions to return action to state court (Doc. 9) and to remand (Doc. 10) be **DENIED**. Further, plaintiff is hereby **ORDERED TO SHOW CAUSE**, in writing and within **TWENTY-ONE (21) DAYS** of the filing date of this Order, why defendant's motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion.

Date: 12/23/11

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHNEUR KALMANSON,
    Plaintiff

Case No. 1:11-cv-482

Weber, J.

vs.

Litkovitz, M.J.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
    Defendant

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

1. Article Addressed to:

Shneur Kalmanson
2420 Twigwood Lane
Cinti, OH 45237

A. Signature

X                                    ☑ Agent
                                     ☐ Addressee

B. Received by ( *Printed Name* )      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        ☐ Yes

2. Article Number
   *(Transfer from service label)*

7010 3090 0000 8524 9899

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540