UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHNEUR KALMANSON,
    Plaintiff

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
    Defendant

Case No. 1:11-cv-482

Weber, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

In June 2011, pro se plaintiff Shneur Kalmanson initiated this action by filing an "Action to Quiet Title" in the Court of Common Please, Hamilton County, Ohio, Case No. A1104365, naming Mortgage Electronic Registration Systems, Inc. (MERS) as the defendant. (Doc. 1, Exs. B, C). On July 18, 2011, MERS removed the action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 citing diversity jurisdiction as the basis for removal. (Doc. 1). On July 25, 2011, MERS filed a motion to dismiss plaintiff's complaint for failure to state a claim; the accompanying Certificate of Service identified that the motion would be served upon plaintiff via U.S. mail. (Doc. 7).

In August 2011, plaintiff filed a Motion to Return Action to State Court and a Motion to Remand. (Docs. 9, 10). Plaintiff did not file a response to MERS' motion to dismiss. MERS filed responses to plaintiff's motions (Docs. 11, 12) and on December 23, 2011 this Court issued a Report & Recommendation that plaintiff's motions be denied.[1] (Doc. 13). On December 23, 2011, this Court also Ordered plaintiff to show cause, in writing and within twenty-one (21) days why MERS' pending motion to dismiss (Doc. 7) should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 13). This Order was sent via certified mail to

---

[1] The Report and Recommendation was adopted by the District Judge on February 2, 2012. (Doc. 15).

-2-

plaintiff at 2420 Twigwood Lane, Cincinnati, Ohio 45237 and the docket of the Court indicates that it was delivered and signed for on January 3, 2012. (Doc. 14). To date, plaintiff has not filed a response to the Show Cause Order or to MERS' motion to dismiss.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey an Order of the Court.

Date: 2/2/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHNEUR KALMANSON,
    Plaintiff

vs.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
    Defendant

Case No. 1:11-cv-482

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shneur Kalmanson
2420 Twigwood Lane
Cinti, OH 45237

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7003 2260 0002 6723 4491

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540